# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3696

_____

United States of America,    *
                             *
                 Appellee,   *    Appeal from the United States
                             *    District Court for the Eastern
        v.                   *    District of Arkansas.
                             *
Carnell Johnson,             *        [UNPUBLISHED]
                             *
                 Appellant.  *

_____

Submitted:  April 15, 2003

Filed:  April 21, 2003

_____

Before WOLLMAN, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

A reliable confidential informant told the Little Rock Police Department that Carnell Johnson was selling crack cocaine. Investigating officers conducted surveillance and called Johnson to order one ounce (twenty-eight grams) of crack. The officers saw Johnson leave his residence in a vehicle and travel in a direction consistent with delivery of the drugs. When they saw Johnson commit a traffic violation, they stopped him. Officer Hall saw a bulge in Johnson's shirt pocket and could see a clear plastic baggie containing what appeared to be crack. The other officer conducted a pat-down search of Johnson and found a loaded .357 caliber derringer in Johnson's pants pocket.

The Government charged Johnson with possession with intent to distribute more than five grams of cocaine base, using and carrying a firearm during a drug trafficking offense, and being a felon in possession of a firearm. Johnson filed a motion to suppress the evidence, and the district court[*] denied the motion. The district court granted the government's motion to preclude cross-examination of officer Hall about domestic conflicts with his wife resulting in criminal charges (burglary and a weapons charge) and disciplinary action by the police department. A jury convicted Johnson of all charges, and the district sentenced Johnson to 195 months in prison. Johnson appeals and we affirm.

Johnson first asserts the district court committed error in limiting the cross-examination of officer Hall. Federal Rule of Evidence 608(b)(1) permits a witness's cross-examination about specific instances of conduct if, in the court's discretion, they are probative of the witness's character for truthfulness or untruthfulness. The district court concluded that none of Hall's violations of police department policy were sufficiently probative of truthfulness or honesty to merit their admission. Further, the district court held cross-examination about the domestic conflict would have been more unfairly prejudicial than probative as required by Federal Rule of Evidence 403. Having carefully reviewed the matter, we conclude the district court did not abuse its discretion in excluding the evidence. See United States v. Page, 808 F.2d 723, 730 (10th Cir. 1987) (burglary and assault based on domestic dispute not probative of witness's credibility).

Johnson also contends the district court should have granted his motion to suppress. Johnson concedes the officers had probable cause to conduct the traffic stop, but challenges the later search of his person. After stopping Johnson for the traffic violation, however, officer Hall saw in plain view a plastic bagging containing

---

[*]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

white rocks in Johnson's shirt pocket. Considering the legality of the traffic stop, the inadvertent discovery of the crack in plain view, and the immediately apparent incriminating appearance of the crack, the warrantless seizure of the baggie was justified. United States v. Murphy, 261 F.3d 741, 743 (8th Cir. 2001); United States v. Beatty, 170 F.3d 811, 814 (8th Cir. 1999). A pat-down of Johnson for officer safety was then justified by reasonable, articulable suspicion that criminal activity was afoot and that Johnson might be armed and presently dangerous. See Murphy, 261 F.3d at 743.

We thus affirm Johnson's conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.